## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

ANTONIO M. TAZEWELL, #332826,

        Petitioner,

v.                                      ACTION NO.
                                        2:06cv303

GENE M. JOHNSON, Director of the
Virginia Department of Corrections,

        Respondent.

## UNITED STATES MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter was initiated by petition for writ of habeas corpus under 28 U.S.C. § 2254. The matter was referred to the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(c)(1) and Rule 72 of the Rules of the United States District Court for the Eastern District of Virginia.

## I. STATEMENT OF THE CASE

### A. Background

On January 29, 2004, Petitioner Antonio M. Tazewell ("Tazewell") was convicted in Petersburg Circuit Court of breaking and entering, grand larceny and eluding, and was sentenced to serve a total of forty-five years, with forty years and eight months suspended.

Tazewell did not appeal his convictions to the Virginia Court of Appeals nor to the Virginia Supreme Court. On July 21, 2005, Tazewell filed a habeas petition in Petersburg Circuit Court which was refused on June 20, 2005. Tazewell appealed to the Virginia Supreme Court which refused the appeal on April 24, 2006.

Tazewell, presently in the custody of the Virginia Department of Corrections at the Baskerville Correctional Center in Baskerville, Virginia, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 on June 5, 2006.  On August 30, 2006, respondent filed a Rule 5 Answer and Motion to Dismiss with an accompanying brief in support. Tazewell filed a response to the Answer and Motion to Dismiss on September 21, 2006.

## B. Grounds Alleged

Tazewell asserts the following entitle him to relief under 28 U.S.C. § 2254:

    (a)    The prosecution failed to disclose favorable evidence to him:

        (i)    that Officer M.R. Perkins "was discharged from his duties as a law enforcement officer due to allegations involving another suspect;"and

        (ii)    that Officer M.V. Harper resigned from his duties as a law enforcement officer because of misconduct;

    (b)    that he was denied effective assistance of counsel due to his counsel's failure to make any motions to suppress before trial or sentencing concerning the misconduct of the officers; and

    (c)    his plea was not voluntary because counsel withheld information about these officers.

## II. FINDINGS OF FACT AND CONCLUSIONS OF LAW

### A. Exhaustion

In order for this Court to address the merits of this habeas petition, all of Petitioner's claims must be exhausted.  See 28 U.S.C. § 2254(b) (2000).  The exhaustion requirement is satisfied when the "essential legal theories and factual allegations advanced in federal court . . . [are] the same as those advanced at least once to the highest state court." Pruett v. Thompson, 771 F. Supp. 1428, 1436 (E.D.Va. 1991), aff'd, 996 F.2d 1560 (4th Cir. 1993).  Exhaustion may be accomplished either

on direct appeal or in post-conviction proceedings.  See O'Sullivan v. Boerckel, 526 U.S. 838, 844

(1999) (citing Brown v. Allen, 344 U.S. 443, 447 (1953)); see also Skipper v. French, 130 F.3d 603,

610 n.4 (4th Cir. 1997).  Tazewell's petition to the Virginia Supreme Court for a writ of habeas

corpus contained the same claims raised in the present petition; therefore Tazewell's Grounds (a)

through (c) meet the exhaustion requirement.

### B. Statute of Limitations

Tazewell's action here is barred by the statute of limitations.  The statute of limitations for

actions under 28 U.S.C. § 2254 is provided in 28 U.S.C. § 2244(d)(1):

> A 1-year period of limitations shall apply to an application for a writ
> of habeas corpus by a person in custody pursuant to the judgment of
> a State court.  The limitation period shall run from the latest of--
>
> (A) the date on which the judgment became final by the
> conclusion of direct review or the expiration of the time for seeking
> such review; . . . .

28 U.S.C. § 2244(d)(1)(A) (2000).

The Petersburg Circuit Court entered final judgment against Tazewell on January 29, 2004.

Tazewell had thirty days to perfect an appeal. By not filing an appeal, Tazewell's conviction became

final on February 28, 2004.  The statutory period of limitations for filing a federal habeas petition

began running with the expiration of the time for seeking direct review.  See 28 U.S.C. §

2244(d)(1)(A) (2000). Therefore, the one-year statutory period for filing Tazewell's federal habeas

petition began running on February 28, 2004.

Under 28 U.S.C. § 2244(d)(2), the statute of limitations clock is paused during the time that

a petition for state collateral review is pending.  Section 2244(d)(2) provides:

> the time during which a properly filed application for State post-
> conviction or other collateral review with respect to the pertinent

3

> judgment or claim is pending shall not be counted toward any period
> of limitation under this subsection.

The statute of limitations is tolled for the whole duration of state collateral review, from the time the initial petition is filed until the final ruling is made, including any gaps in between.  See Taylor v. Lee, 186 F.3d 557, 561 (4th Cir. 1999).  However, while 28 U.S.C. § 2244(d)(2) pauses the clock during a pending state collateral review it does not reset the clock.  See Harris, 209 F.3d at  327.

Tazewell did not file a habeas petition until April 11, 2005, after more than one year had expired.  Thus, Tazewell does not receive the benefit of any tolling from between the notice of appeal period and the date the Supreme Court dismissed the petition for noncompliance with Rules 5:9(a) and 5:17(c).  See Allen v. Mitchell, 276 F.3d 183, 185-86 (4th Cir. 2001); See also Rouse v. Lee, 339 F.3d 238, 245 (4th Cir. 2003) (en banc) (citing holding of Allen v. Mitchell).

Tazewell had until approximately February 28, 2005, to file his habeas petition.  Tazewell did not sign his petition until May 11, 2006, which was approximately fourteen months after the statute of limitations deadline.  This Court cannot reach the merits of Tazewell's claims, because the claims are barred by the statute of limitations.   Therefore, Tazewell's petition should be DENIED.

## III. RECOMMENDATION

For the foregoing reasons, the Court recommends that Tazewell's petition for writ of habeas corpus be DENIED and the respondent's motion to dismiss be GRANTED.

Tazewell has failed to demonstrate "a substantial showing of the denial of a constitutional right," therefore, it is recommended that the Court decline to issue any certificate of appealability pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure.  See Miller-El v. Cockrell, 537 U.S. 322 (2003).

4

## IV. **REVIEW PROCEDURE**

By copy of this Report and Recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(C):

1. Any party may serve upon the other party and file with the Clerk written objections to the foregoing findings and recommendations within ten (10) days from the date of mailing of this report to the objecting party, see 28 U.S.C. § 636(b)(1)(C) and Federal Rule of Civil Procedure 72(b), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure, plus three (3) days permitted by Rule 6(e) of said rules.  A party may respond to another party's objections within ten (10) days after being served with a copy thereof.

2. A district judge shall make a de novo determination of those portions of the report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in a waiver of right to appeal from a judgment of this court based upon such findings and recommendations.  Thomas v. Arn, 474 U.S. 140 (1985); Carr v. Hutto, 737 F.2d 433 (4th Cir. 1984); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

_____/s/_____
Tommy E. Miller
UNITED STATES MAGISTRATE JUDGE

Norfolk, Virginia

February 23, 2007

5

## <u>CLERK'S MAILING CERTIFICATE</u>

A copy of the foregoing Report and Recommendation was mailed this date to the

following:


      Antonio M. Tazewell, #322826
      Baskerville Correctional Center
      4150 Hayes Mill Road
      Baskerville, VA 23915


      Leah Ann Darron, Esq.
      Office of Attorney General
      900 East Main Street
      Richmond, VA 23219

                                           Fernando Galindo, Acting Clerk


                                    By _____
                                        Deputy Clerk

                                        February   , 2007